# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4104 | **DATE** | 11/19/2001 |
| **CASE TITLE** | Davis vs. Baron's Creditors Service Corporation | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for summary judgment [29-1] is denied and plaintiff's motion for summary judgment [31-1] is denied. The parties are directed to make conscientious efforts to settle this case. A status hearing is set for 12/10/01 at 9:30 a.m. at which time the parties are directed to report on the possibility of settlement. A final schedule will be set.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 20 2001 date docketed | 40 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 01 NOV 19 PM 5:03 | 11/19/2001 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| J. R. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 4104 |
| | ) | |
| BARON'S CREDITORS SERVICE CORPORATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**

**NOV 2 0 2001**

## MEMORANDUM OPINION AND ORDER

Presently before the court are the parties' cross-motions for summary judgment on plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k. For the reasons set forth herein, the court denies both motions.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp*. v. *Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324;



*Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-599. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On cross-motions for summary judgment, the court must consider the merits of each motion and assess the burden of proof that each party would bear on an issue at trial. *Santaella* v. *Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).

## FACTS

On or about September 20, 1999, defendant, who is a debt collector as defined by the FDCPA, mailed a collection letter to plaintiff seeking to collect an overdraft on behalf of Bank One. Plaintiff claims that the letter was sent to him in an envelope with a printed return address containing the name "Baron's Creditor's Service Corporation." Plaintiff does not have the original envelope because "it either got thrown out or lost in the process" of going to court in a lawsuit involving the alleged Bank One overdraft. (Pl.'s Dep. at 26.). However, as proof that he received such an envelope containing the name "Baron's Creditor's Service Corporation," plaintiff testified in his deposition that his attorneys showed him a copy of a return address heading, which is attached as Exhibit B to the complaint, and which reads:

> BARON'S CREDITOR'S SERVICE CORPORATION
> [LOGO]    155 Revere Dr. / Suite 9 / Northbrook, IL 60062-1587

(Compl., Ex. B), and that he remembers that the envelope sent to him contained the "exact

2

heading" as that on Exhibit B. (Pl.'s Dep. at 29.) At the time plaintiff received the September, 1999 debt collection letter, defendant was using three different types of envelopes including an envelope with a heading like the one in Exhibit B. The other two envelopes were a plain envelope with no pre-printing and a plain envelope with no pre-printing containing a window for the individual's address. Defendant has no way of identifying which envelope it sent to plaintiff.

## DISCUSSION

Plaintiff claims the envelope he received bearing the defendant's name "Baron's Creditor's Services Corporation" violates section § 1692f of the FDCPA. That section prohibits a debt collector from using "unfair and unconscionable means to collect or attempt to collect any debt" and specifically prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails . . ., except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. §§ 1692f and f(8).[1] "The purpose of this specific provision is apparently to prevent embarrassment resulting from a conspicuous name on the envelope, indicating that the contents pertain to debt collection." *Rutyna* v. *Collection Accounts Terminal, Inc.*, 478 F. Supp. 980, 982 (N.D. Ill. 1979); *see generally* S. Rep. No. 95-382 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698-99.

I.  Receipt of Envelope

Defendant first argues that it is entitled to summary judgment because there is no evidence in the record that plaintiff received an envelope containing the name "Baron's

---

[1] A "debt collector" is a person whose business consists primarily of collecting "debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

3

Creditor's Services Corporation." Plaintiff counters that he has put forward his own testimony as evidence that he received the envelope and further argues that because his testimony is uncontradicted, the court can find for plaintiff on this issue. The court disagrees with both parties. The undisputed evidence is that at the time plaintiff received the debt collection letter from defendant, defendant was using three different forms of envelopes, one of which contained the name "Baron's Creditor's Service Corporation" pre-printed on it. Defendant has not averred that it hand-delivered the letter and, therefore, it is safe to assume defendant sent plaintiff the letter in one of the three types of envelopes it was using at the time. There is no dispute that plaintiff does not have the original envelope. The issue is whether plaintiff received the letter in the envelope bearing the name "Baron's Creditor's Services Corporation," as opposed to one of the two blank envelopes. The "best evidence" rule provides that "[t]o prove the content of a writing . . . the original writing . . . is required, except as otherwise provided in [the Rules of Evidence] or by Act of Congress." Fed. R. Evid. 1002. "The original is not required, and other evidence of the contents of a writing . . . is admissible if . . . [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith[.]" Fed. R. Evid. 1004(1).

Plaintiff testified the original was lost or thrown away, and defendant has not raised an issue that it was lost or destroyed in bad faith. Thus, other or "secondary" evidence to prove the contents of the envelope is admissible. Other means of proving the contents of a writing include duplicates, Fed. R. Evid. 1003, or oral testimony. *See* Jack B. Weinstein, Evidence ¶ 1004[01]; *see also United States* v. *Gerhart*, 538 F.2d 807, 809 n.2 (8th Cir. 1976); *Cooper* v. *Harris*, 499 F. Supp. 266, 268 (N.D. Ill. 1980) (oral testimony sufficient); *cf. United States* v. *McGaughey*, 977 F.2d 1067, 1072 (7th Cir. 1992) ("anything that tends to demonstrate the

4

writing's contents may constitute secondary evidence"). There is no preference for one form of secondary evidence over another. *McGaughey*, 977 F.2d at 1072; Fed. R. Evid. 1004 Advisory Committee Notes. As Weinstein's treatise states:

> [O]nce the conditions of Rule 1004 are met, the party seeking to prove the contents of a writing, . . . may do so by any kind of secondary evidence ranging from photographs and handwritten copies to oral testimony of a witness whose credibility is suspect. Of course, the opponent may attack the sufficiency of the secondary evidence including the credibility of the witness.

Weinstein, Evidence ¶ 1004[01]. Plaintiff argues that, at the least, it has put forward sufficient evidence[2] in the form of his testimony to take the issue to the jury on the question of whether or not he received the envelope containing the name "Baron's Creditor's Service Corporation." The court agrees. Defendant was using three kinds of envelopes, one of which contained the heading represented on Exhibit B, and plaintiff testified that the envelope he received was the same as that on Exhibit B. In its reply, defendant appears to concede that this testimony at least raises a question of fact as to whether or not plaintiff received the envelope, as defendant's only argument in its reply on this issue is directed to why the court should deny plaintiff's cross-motion for summary judgment on this issue. (*See* Def.'s Reply, at 2-3.) In countering plaintiff's cross-motion for summary judgment, defendant challenges the credibility of plaintiff's testimony but such attack "goes not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve." *Gerhart*, 538 F.2d at 809 n.2. Thus, the court concludes that defendant is not entitled to summary judgment on this ground.

---

[2]Defendant rightly points out that Exhibit B is not a duplicate of the original and plaintiff does not assert that it is. *See* Fed. R. Evid. 1001(4) ("A 'duplicate' is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques which accurately reproduces the original.").

5

On the other hand, the court, however, cannot conclude that plaintiff is entitled to a conclusive finding in its favor on this issue. Plaintiff relies on *Corrogated Paper Prods., Inc v. Longview Fibre Co.*, to argue that his uncontradicted testimony entitles him to summary judgment. 868 F.2d 908 (7th Cir. 1989). *Corrogated Paper* concerned whether the plaintiff was an intended third-party beneficiary to a sales contract. *Id.* Plaintiff had the burden to prove the contracting parties' intent to benefit him. Defendant moved for summary judgment on the basis of deposition testimony of its own employee and two employees of the company with which it had contracted, and their testimony categorically denied an intent to benefit plaintiff. The court reasoned that although defendant's evidence seemed to dispose of the issue of intent, because it also could be viewed as self-serving and a jury might disbelieve the evidence, defendant was not automatically entitled to summary judgment. *Id.* at 913-14. However, because plaintiff, who had the burden of proof, failed to come forward with any evidence to contradict defendant's evidence and because plaintiff had had the opportunity to depose defendant and did not "shake" defendant's version of the fact or raise any significant issues of credibility, the court held that summary judgment for defendant was, nonetheless, appropriate. *Id.* at 914.

Unlike the issue in *Corrogated Paper*, where the court was deciding whether defendant should be granted summary judgment in light of the plaintiff's failure to raise a genuine issue of fact as to the controlling issue (intent), plaintiff is asking the court to grant him summary judgment on an issue for which he bears the burden of proof, namely receipt of the envelope containing defendant's name. However, in order for plaintiff to be entitled to summary judgment, he must show it is undisputed that he received that envelope, not merely an absence of evidence to place the issue in question. Although plaintiff testified that the envelope he received

6

contained defendant's name, defendant has put forward evidence that it was using two other types of envelopes at the time that did not contain its name. Thus, whether plaintiff did receive the envelope containing defendant's name becomes a credibility issue for the jury to decide. *See* Fed. R. Evid. 1008(c) ("When an issue is raised . . . whether other evidence of contents correctly reflects the contents, the issue is for the trier of fact to determine as in the case of other issues of fact."). Moreover, defendant has raised a challenge to plaintiff's credibility by pointing out inconsistencies in other parts of plaintiff's testimony, namely his account of when he was shown Exhibit B by his attorneys. Thus, plaintiff is not entitled to summary judgment on this issue.

II.     Whether Envelope Violates the FDCPA as a Matter of Law

Next, both parties argue that they are entitled to summary judgment as a matter of law on the issue of whether the envelope violates the FDCPA. The court concludes that neither party has met its burden to show that it is entitled to summary judgment.[3] "Practices purporting to violate the Act must be viewed from the objective standard of an 'unsophisticated debtor.'" *Pettit* v. *Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000) (citations omitted). The "hypothetical debtor . . . is not as learned in commercial matters as are federal judges, but neither is he completely ignorant." *Id.* (internal citation omitted). The court has described the "unsophisticated debtor" as "uninformed, naive, or trusting" but also as possessing the "rudimentary knowledge about the financial world" and "wise enough to read collection notices with added care." *Id.* He "possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Id.* (citations omitted). And while the "unwary debtor

---

[3] Because the court has already decided there is an issue of fact with respect to plaintiff's receipt of the letter containing defendant's name, plaintiff would not be entitled to summary judgment in any event.

7

may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Id.* (citations omitted).

Defendant argues it is entitled to summary judgement because nothing in the designation "Baron's Creditor's Services Corporation" distinguishes it from other creditors or credit-related businesses seeking payment for debts not yet past due. Specifically, defendant argues that the words "Creditor's Services" could suggest it is in the business of providing any of a variety of credit and/or financial-related services, including offering low-interest credit cards, subscriptions that monitor one's credit report, banks offering home equity loans to consolidate credit card debts, and firms that offer insurance for one's credit cards in the event a cardholder becomes unemployed or disabled. Defendant relies on several cases where courts in other jurisdictions found as a matter of law that benign terms did not violate the statute. *See Lindbergh v. Transworld Sys., Inc.*, 846 F. Supp. 175, 180 (D. Conn. 1994) (granting summary judgment to defendant on envelope with bold stripe across it and bearing word "Transmittal" reasoning that plaintiff nowhere "alleged that the symbol at issue here pertains to debt collection in any way [, n]or has the plaintiff suggested, much less shown, how his mechanical interpretation of Section 1692f(8) . . . comports with the structure or purpose of the FDCPA."); *Johnson v. NCB Collection Services*, 799 F. Supp. 1298, 1305 (D. Conn. 1992) (although noting that words "Revenue Department" might suggest some credit-related transaction was involved, court granted summary judgment to defendant on § 1692f(8) claim reasoning that "[n]othing in the innocuous designation 'Revenue Department' distinguishes the letter from other permissible forms of correspondence such as direct billings from creditors for debts not yet past due"); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1466 (C.D. Cal. 1991) (denying

8

summary judgment to plaintiff finding phrase "Personal & Confidential" and notice that theft of mail or obstruction of delivery is a federal crime on outside of envelope did not violate section 1692f(8)).

Plaintiff argues that the statute's plain language establishes a presumption that anything other than the debt collector's address violates the statute and therefore that it is entitled to summary judgment unless defendant can show an issue of fact with respect to whether its name in no way indicates that it is in the debt collection business. Plaintiff relies on *Rutyna*, 478 F. Supp. at 982, where the court granted plaintiff summary judgment finding that the name "Collection Accounts Terminal, Inc." violated § 1692f(8). Plaintiff argues that summary judgment should be granted to him because the name "Baron's Creditor's Services Corporation" plainly indicates that the sender (defendant) is providing collection services. Specifically, he argues that the word "Creditor" implies there is a "debtor" and that normally when creditors send letters to debtors it is to collect money. Therefore, the only logical assumption is that the recipient of defendant's letter is a debtor and the defendant is seeking to collect money from that debtor for the creditor.[4]

---

[4]Although plaintiff relies on the "plain language" rule of construction in his brief, he does not argue that the logo appearing on the envelope *per se* violates the rule. The statute prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope . . . , except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business," which appears to support an argument that although a *name* may be used if it does not indicate that the defendant is in the debt collection business, a symbol may not be used at all. 15 U.S.C. § 1692f(8). However, the court also notes that other courts have not applied a literal construction to the statute and instead have construed the exception as applying to both language and symbols. *See Lindbergh v. Transworld Sys., Inc.*, 846 F. Supp. 175, 180 (D. Conn. 1994) (the legislative purpose was to "prohibit a debt collector from using symbols or language on envelopes that would reveal that the contents pertain to debt collection–not to totally bar the use of harmless words or symbols on an envelope.") (internal citation omitted); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1466 (C.D. Cal. 1991) ("Congress enacted 1692f(8) simply to prevent debt collectors from 'using symbols on envelopes indicating that the contents *pertain to debt collection*", quoting S. Rep. No. 95-382, 95th Cong. 1st Sess. at 8, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1702); *see also* S. Rep. No. 95-382 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1702 ("using symbols on envelopes indicating that the contents pertain to debt collection" violates section 1692f). The court need not address this issue here.

The court concludes that neither party has met its burden. Defendant's name is not as benign as those in the cases it relies on. An unsophisticated consumer could view the designation "Baron's Creditor's Service Corporation" particularly the words "creditor's service" as indicating that defendant is in the debt collection business because debt collection is clearly a service, probably the main service, provided by entities that service creditors. However, the mere fact that a name "could" indicate the debtor is in the debt collection business is not sufficient basis to grant summary judgment to plaintiff. The statute does not say a debt collector may not use his business name if such name "could" indicate he is in the debt collection business, but rather says a debt collector may use his name if it "does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8). The definition of "indicate" means "to show or point out" or "to serve as a sign, symptom, or token of" or to "signify" or "suggest." Webster's II at 564 (1995). To "suggest" means "to call to mind by association or logic" or "evoke." *Id.* at 1102. It is not unreasonable to think that the words "Creditor's Service" would evoke some other credit-related service in the mind of the unsophisticated debtor. Because the focus of the interpretation of defendant's name is the "unsophisticated consumer" and what the name indicates or suggests to *him* or *her* (and not the court who is schooled in commercial matters) and because the name is not as clear on its face as that in *Rutyna* in evoking the image of a debt collector, the court concludes that whether defendant's envelope violates section § 1692f of the FDCPA is an issue of fact for the jury. Therefore, the court denies both parties' motions for summary judgment.

## CONCLUSION

For the reasons set forth above, the court DENIES defendant's motion for summary judgment [#29] and DENIES plaintiff's motion for summary judgment [#31]. The parties are directed to make conscientious efforts to settle this case. A status hearing is set for December 10, 2001 at 9:30 a.m., at which time the parties are to report on the possibility of settlement. A final schedule will be set.

ENTER: *Joan H. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: November 19, 2001